IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE #1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:16-cv-02862 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WILLIAM B. LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOHN DOE #2, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:17-cv-00264 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| WILLIAM B. LEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons discussed in the Court's previous memorandum opinion (Doc. No. 115) ruling on the summary judgment motions and the memorandum opinion accompanying this Order, Plaintiffs' request for permanent injunctive relief is **GRANTED**. Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from the following:

1. Enforcing the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, as amended and codified at Tenn. Code Ann. § 40-39-201–§ 40-39-218 ("SORA"), against Plaintiffs
2. Requiring Plaintiffs to comply with any portion of SORA
3. Including the continued publication of Plaintiffs' information on the sex offender registry.

1

Defendants are **FURTHER ORDERED** to provide notice of this Order to their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them. Defendants shall take whatever means are necessary or appropriate to ensure proper compliance with this Order. Each Defendant shall, to the extent within its power, take such necessary steps to ensure that Plaintiffs are removed from Tennessee's sexual offender registry.

Plaintiffs' request for declaratory relief is also **GRANTED**. The Court **DECLARES** that the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, as amended and codified at Tenn. Code Ann. § 40-39-201–§ 40-39-218, is unconstitutional under the Ex Post Facto Clause as applied to Plaintiffs by Defendants in their official capacities and by their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them.

The Court previously resolved all other pending claims in its Order on the motions for summary judgment. (Doc. No. 116). There are no further pending matters before this Court in this case. Accordingly, the Clerk is directed to close the file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE